Lance C. Wells, Atty.
Law Offices of Lance C. Wells, LLC.
1029 W. 3rd Avenue, Suite 550
Anchorage, AK. 99051
Phone: 907-274-9696
Fax: 907-277-9859
E-Mail: lwells@gci.net
AK Bar No. 9206045

Attorney for the Defendant Marcelino J. Juarez

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| MARCELINO J. JUAREZ, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. 3:24-CR-00103-001 TMB |

**SENTENCING MEMORANDUM OF MARCELINO J. JUAREZ**

COMES NOW Defendant Marcelino J. Juarez by and through his attorney of record Lance C. Wells of the Law Offices of Lance C. Wells, LLC, and hereby files his sentencing memorandum with this court as follows for the upcoming sentencing before the Hon. Timothy M. Burgess calendared for 02/25/2026.

**I.    Facts.**

Mr. Juarez is thirty (30) years of age and was born in French Camp, CA. He was residing in Lodie, CA. at the time of his arrest.  He is a United States citizen not subject to

deportation. Mr. Juarez has two minor children, both of whom reside with his mother in Stockton, CA.[1]

Mr. Juarez is in overall good physical health. He suffers from no diagnosed chronic or acute health issues. He self-reports having some chest pains from time to time as well as suffering from allergies. He takes no prescription medications. Mr. Juares is not experiencing any mental health symptoms or conditions at this time or in his past. He is open to receiving counseling while in custody.

Mr. Juarez is in need of drug treatment. He has a long-standing and substantial history with multiple substances to include alcohol, starting at an early age of 13. See PSR @ p. 19. Mr. Juarez further seeks admission into drug treatment while incarcerated through the BOP 500 Hour Residential Treatment Program and this court's recommendation for admission into this program is strongly requested.

Mr. Juarez has neither a high school diploma nor GED. He is in serious need of continued education as well as vocational job skills training so that he may support himself and his dependents upon his release. He is supportive of actively pursuing both while incarcerated. He has no other education nor certifications.

---

[1] The Final PSR states "dependents none," at p.3. This is incorrect as Mr. Juarez has two minor children.

Mr. Juarez has been convicted and found guilty after of after a change of plea to Count 1: Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §846 and §841(a)(1), with penalty provisions set forth under 21 U.S.C. §841(b)(1)(A), a Class A felony offense, with a minimum mandatory of ten (10) years and a maximum term of life imprisonment, minimum five years to life supervised release, a maximum fine of $10,000,000 and a one hundred ($100.00) dollar special assessment fee.

## II. 18 USC § 3553(a) Factors for Consideration and Departure by This Court.

1. Mr. Juarez suffers from significant substance abuse and the need for substance abuse treatment.

2. Age and station of life for Mr. Juarez and his continued desire to be a productive member of this society.

3. Lack of work history or skilled trades of Mr. Juarez.

4. No high school diploma or GED and the need for continued additional educational or vocational job skills training.

5. Outside pro-social support for Mr. Juarez via extended family.

6. Mr. Juarez' a severe history of substance abuse coupled with being raised in an unstable household surrounded by drug abuse, physical abuse and neglect.

## III. Application of the Law.

The Supreme Court held in <u>United States v. Booker</u> (citations omitted) that the mandatory nature of the Sentencing Guidelines system violated the Sixth Amendment of the United States Constitution. To remedy this, the Supreme Court modified the Federal Sentencing statute to make the Sentencing Guidelines truly guidelines-advisory, but not binding on the sentencing court. <u>Id.</u> at 245. Subsequent litigation has affirmed the authority of a sentencing court to sentence within the range of choice dictated by the facts and applicable law of the case before it. See <u>Gall v. United States</u>, 06-7949, 128 S.Ct. 586, 602 (2007)(upholding a sentence outside the advisory guideline range as reasonable); <u>Kimbrough v. United States</u>, 06-6330, 128 S.Ct. 558, 570 (2007)(noting that sentencing courts may vary from the advisory guideline range based solely on policy considerations, including disagreement with the policy underlying the Guidelines in a case); <u>Rita v. United States</u>, 06-5754, 127 S.Ct. 2456, 1465 (2007)(stating that a district court may consider arguments that "the Guideline sentence itself fails to properly reflect [18 U.S.C.] § 3553(a) considerations"). The result of this development in sentencing law is that sentencing courts must "take account of" the advisory guideline range as part of all the sentencing goals and factors enumerated in 18 U.S.C. § 3553(a), but are no longer bound by the sentencing

range indicated by the applicable Guideline in the case. Cunningham v. California, 05-6551, 549 U.S. 270, 127 S.Ct. 856, 867 (2007); Booker, 543 U.S. at 261.

The advisory guidelines are, therefore, "the starting point and the initial benchmark" in determining a sentence. Gall, 128 S.Ct. at 596 (stating that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range"). While district courts must "give respectful consideration to the Guidelines", they are permitted "to tailor the sentence in light of other statutory concerns as well". Kimbrough, 128 S.Ct. at 570 (quoting Booker, 543 U.S. at 245-46). The Guidelines are not the only consideration, and the district judge should consider all of the § 3553(a) factors to fashion the appropriate sentence. Gall, at 596. These factors will be detailed to the court during the sentencing scheduled for this matter.

As required by the Sentencing Reform Act, the "over-arching provision instructs the district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrents to criminal conduct, and to protect the public from further crimes

of the defendant. Kimbrough, 128 S.Ct. at 570 (quoting U.S.C. § 3553(a).

In determining the sentence that is "sufficient, but not greater than necessary", the statute further directs the sentencing court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the sentencing range, and any pertinent policy statement issued by the Sentencing Commission, the kinds of sentences available, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); Accord Kimbrough, 128 S.Ct. at 570. The sentencing court "may not presume that the Guideline range is reasonable", but rather must "make an individualized assessment based on the facts presented" to arrive at a sentence that is sufficient but not greater than necessary, in a given case. Gall, 128 S.Ct. at 597. While the rationale for a non-guideline sentence will necessarily be more detailed the further the deviation from the advisory guidelines suggested by the Sentencing Commission, there is no legal requirement that "extraordinary circumstances" are a prerequisite to imposition of a non-guideline sentence. Id. The sentencing judge has a greater familiarity with an individual case than either the Sentencing Commission of the Court of Appeals, and is

"therefore, in a superior position to find facts and judge their import under § 3553(a) in each particular case". <u>Kimbrough</u>, 128 S.Ct. 574 (quoting <u>Gall</u>, 128 S.Ct. at 597).

## IV. Street Gang Affiliation

Mr. Juarez denies any gang membership, allegiance or affiliation as a gang member. He specifically denies being a member of the "Norteno"[2] street gang in California. Any reference to Mr. Juarez being a gang member should be stricken from the PSR.

## V. Analysis.

Should the court follow counsel's sentencing recommendations Mr. Juarez has the following under the now advisory USSG as follows:

    1.   Base Offense Level: 36

    2.   Specific Offense Characteristic: 0[3]

    3.   Adjustment for role in the Offense: +2[4]

    4.   Adjustment for obstruction of justice: 0

    5.   Adjusted offense level: 38

    6.   Acceptance of Responsibility: -3

---

[2] <u>Norteños</u> (Northerners) are described as a, large, violent coalition of primarily Mexican-American street gangs in Northern California, originating around 1968 and aligned with the <u>Nuestra Familia</u> prison gang. They are rivals of the Southern California-based Sureños and are involved in criminal activities including murder, drug trafficking, and extortion, often identifying with the color red. Mr. Juarez denies being a member of this gang.

[3] This remains an unresolved objection. Mr. Jaurez denies that his girlfriend was part of this conspiracy. He denies receiving drug packages from her.

[4] Mr. Juarez denies he was an organizer or leader of 5 or more people. Mr. Jaurez does not deny that he shared responsibility equally with that of his brother in this matter and that and an enhancement of +2 points is warranted pursuant to USSG §3B1.1

7.   Criminal History Level: V

8.   Final Adjusted Offense Level: 35 points

9.   <u>Advisory Guideline Range: 262-327 months</u>

The court's duty is to impose a sentence that is "sufficient but not greater than necessary" after considering all of the factors set forth in sentencing statute 18 U.S.C. § 3553(a). One of the factors is the need for the sentence imposed to reflect the seriousness of the offense(s). There is no disputing that the offenses in which defendant has been convicted are very serious. Mr. Juarez is truly sorry for his actions and will relate his thoughts on this during his allocution statement to this court.

The court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant, when determining the sentence that is sufficient but not greater than necessary.

Despite his criminal record, Mr. Juarez still maintains prospects for rehabilitation. He has not spent his time idly by sitting in custody while accumulating write-ups as many do. To the contrary. Mr. Juarez, first accepts his responsibility for this matter and his actions. He has begun his path to rehabilitation and immersed himself in the Alaska Correctional Ministries, Transformational Living Community Program (TLC) through Chaplin Rudy Bosley, TLC Program Director, Executive

USA v. Marcelino J. Juarez : Sentencing Memorandum                    8

Director ACM. See Ex. A. Letter of Chaplin Rudy Bosley. Mr. Juarez is scheduled to graduate shortly. Aside from this, Mr. Jaurez has taken and received over 67 certificates while incarcerated. See Ex. B. Certificates. Mr. Jaurez had dedicated himself and his life to Christ. He is changing his life one day at a time through education and soon with new vocational skills to be learned. It is his desire, while incarcerated and once released to continue to obtain additional skills training and certifications.

### VI. Restitution and Criminal Forfeiture.

There is no restitution owed in this matter. Mr. Juarez is not seeking the return of any property seized in this matter.

### VII. Conclusion.

Counsel for Mr. Juarez is making a sentencing recommendation of 262 months, for a period of supervised release of five (5) years and that one-hundred dollars ($100.00) be paid in the form of a special assessment fee and that no fine be imposed as Mr. Juarez does not have the means to pay one.

For the court to recommend the BOP RDAP for Mr. Juarez as well as educational and vocational training. He is desirous of receiving all the help he can in overcoming his addiction issues. Upon release, it is his desire to once again return to the State of California where he has his family, minor children, extended family, as well as additional support. Mr. Juarez

USA v. Marcelino J. Juarez : Sentencing Memorandum                    9

intends to be a productive and law-abiding member of our society upon release.

Lastly, Mr. Juarez desires to serve his remaining time as close to his family and others in California where he may receive visits from them.

Dated this 17th day of February 2026.

LAW OFFICES OF LANCE C. WELLS, LLC.


/s/Lance C. Wells, Atty.
Lance C. Wells, Atty.
Attorneys for Defendant,
Mr. Marcelino J. Juarez
1029 W. 3rd Ave, Suite 550
Anchorage, Alaska 99501
Phone: 907/274-9696
Fax: 907/277-9859
E-mail: Lance@LanceWells.Law


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 02/17/2026, a copy of the foregoing was served electronically upon:

-Mr. Thomas Bradely, AUSA

&

-Mr. Ryan Blackmarr, USPO
 United States Probation and Pretrial Services
 Anch., AK.

/s/Lance C. Wells
Lance C. Wells